**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DEVON MODACURE**                                                            **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO.: 3:20-CV-476-HTW-LRA**

**THE CITY OF JACKSON, MISSISSIPPI;
JAMES E. DAVIS, COBEY SMITH individually
and in his official capacity, KENNETH SHORT, et al.**          **DEFENDANTS**

---

### CITY OF JACKSON DEFENDANTS' ANSWER
### AND AFFIRMATIVE DEFENSES TO
### PLAINTIFFS' COMPLAINT

---

COMES NOW, the City of Jackson, Mississippi, Chief James Davis in his official and individual capacity, Officer Kenneth Short, in his official capacity, and Officer Coby Smith, in his official capacity, (collectively referred to herein as the "City of Jackson Defendants"), by and through counsel, pursuant to the applicable Federal Rules of Civil Procedure and other applicable authority, and files their Answer and Affirmative Defenses to the Complaint exhibited against them. In support thereof, the City of Jackson Defendants state as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

### Second Defense

The City of Jackson Defendants have not breached any duty owed to Plaintiff, whether contractually, common law, state or federal statutory law.

### Third Defense

The City of Jackson Defendants owed no duty to Plaintiff that was breached in this action.

### Fourth Defense

The City of Jackson Defendants reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

### Fifth Defense

The City of Jackson Defendants deny that any of their actions and/or omissions caused Plaintiff harm or special harm.

### Sixth Defense

The City of Jackson Defendants' actions with Plaintiff, if any, were conducted in good faith.

### Seventh Defense

The City of Jackson Defendants deny each and every allegation in which Plaintiff seeks to impose liability upon them, whether expressly denied herein or not.

### Eighth Defense

The Complaint is barred by the doctrine of laches and should therefore be dismissed with prejudice.

### Ninth Defense

The Complaint is barred by the applicable statute of limitations and should therefore be dismissed with prejudice with all costs assessed against Plaintiff.

### Tenth Defense

The City of Jackson Defendants affirmatively pleads assumption of risk as a bar to Plaintiff's Complaint.

**Eleventh Defense**

The sole proximate and/or contributing causes of Plaintiff's damages, if any, were not caused or contributed to by any act or omission of the City of Jackson Defendants, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the City of Jackson Defendants cannot be held liable.

**Twelfth Defense**

Any damages sustained by Plaintiffs was solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entitled or events with respect to which the City of Jackson Defendants had neither control, right to control, duty to control nor any other legal relationship whatsoever.

**Thirteenth Defense**

Without waiving any other affirmative defense, the City of Jackson Defendants affirmatively plead and allege that they are not responsible for the intentional acts, if any, by any agents, representatives or employees of the City or any other Defendant toward Plaintiff and that any alleged intentional acts of any agent, representative or employee of the City and/or any other Defendant, if any, were not reasonably foreseeable by the City of Jackson Defendants.

**Fourteenth Defense**

Plaintiffs' claims for punitive damages, if any, are barred by Miss. Code Ann. § 11-46-15(2).

**Fifteenth Defense**

Plaintiffs failed to comply with the requirements of Miss. Code Ann. § 11-46-11 (3), and the Complaint should therefore be dismissed.

**Sixteenth Defense**

All of the Plaintiffs' claims against the City of Jackson Defendants are barred by Miss. Code

Ann. §11-46-1 *et seq.* (The Mississippi Tort Claims Act, hereinafter referred to as "MTCA").

### Seventeenth Defense

Plaintiff failed to mitigate his damages.

### Eighteenth Defense

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Mississippi law without proof of every element of such claim beyond a reasonable doubt would violate the City of Jackson Defendants' due process rights under the Fourteenth Amendment to the United States Constitution and under Article 3, § 14 of the Constitution of the State of Mississippi.

### Nineteenth Defense

The Complaint is barred by the doctrine of waiver and estoppel and should, therefore, be dismissed with prejudice with all costs assessed against Plaintiffs.

### Twentieth Defense

Plaintiffs' claims for intentional torts are barred by the applicable one-year statute of limitations.

### Twenty-First Defense

Plaintiffs' claims of negligence, gross negligence, and/or wanton failure in hiring and/or to monitor, train and supervise police officers of the City of Jackson are barred by Miss. Code Ann. §11-46-7(1), and specifically by Mississippi case law precedence of **City of Jackson v. Powell**, 917 So. 2d 59 at 73 (Miss. 2005); **City of Jackson v Sandifer**, 107 So.3d 978, at 987 (2013); and **City of Laurel, Mississippi v. Clyde Williams, *et al.***, 2009 WL 3857559 (Miss. Nov. 19, 2009).[1]

---

[1] Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference. The plaintiff must generally demonstrate "at least a pattern of

### Twenty-Second Defense

Plaintiffs' claims of intentional and/or negligent infliction of emotional distress or any other intentional tort are specifically barred by Miss. Code Ann. §11-46-1, *et seq.*

### Twenty-Third Defense

The City of Jackson Defendants asserts any and all other affirmative defenses to which they may be entitled, including contributory negligence, estoppel, fraud, illegality, release, res judicata, collateral estoppel, statute of frauds and waiver.

### Twenty-Fourth Defense

Plaintiffs' claims against the City of Jackson Defendants are prohibited by prevailing Federal and State Law and all other applicable defenses thereto as is alleged to have arisen out of the acts, practices, policies or procedures, or omissions of a government entity.

### Twenty-Fifth Defense

The City has no custom, practice or policy that caused or contributed the alleged deprivations, injuries and/or damages suffered by Plaintiffs.

### Twenty-Sixth Defense

The City of Jackson Defendants hereby asserts the defenses of sovereign immunity, qualified immunity and any other immunity available under federal or state law.

### Twenty-Seventh Defense

At all material times, herein, the City of Jackson and its employees, agents, and servants, at all times relevant hereto, used the degree of care required of them under law and are not liable in

---

similar violations," **Gerald Burge v. St. Tammany Parish**, 336 F. 3d 363, 370 (5th Cir. 2003) *quoting* **Thompson v. Upshu County**, 245 F. 3d 447, 459 (5th Cir. 2001). Furthermore, the inadequacy of training must be obvious and "obviously likely to result in a constitutional violation." **Id**.

damages to Plaintiffs.

### Twenty-Eighth Defense

The actions or inactions on the part of Plaintiff were the sole, proximate and only cause of the incident complained of and the alleged damages sustained by Plaintiffs, if any. In the alternative, the actions or inactions on the part of Plaintiff amounted to an intervening cause and as such, constitute the sole, proximate cause and only cause of the incident complained of and the damages sustained by Plaintiffs, if any.

### Twenty-Ninth Defense

Plaintiffs' claims are barred as Devon Modacure was engaged in criminal, unlawful and/or illegal activity, at all relevant times alleged in the Complaint.

### Thirtieth Defense

If the actions or inactions on the part of Crystalline Barnes were not the sole, proximate cause of the incident complained of and the alleged damages sustained by Plaintiffs, if any, actions or inactions on the part of Plaintiff caused and contributed to the incident complained of and the damages sustained by Plaintiffs, if any, and any damages which Plaintiffs would otherwise be entitled, must be reduced in degree and to the proportion that the action or inaction of Plaintiff contributed to the incident.

### Thirty-First Defense

The City of Jackson Defendants asserts any and all other defenses available to them under Miss. Code Ann. §85-5-7 and §11-1-65.

### Thirty-Second Defense

The City of Jackson Defendants hereby gives notice that they intend to rely upon such other and further defenses that may become available or apparent during discovery in this civil action and

reserves the right to amend its answer to assert such defenses.

### Thirty-Third Defense

Plaintiffs' claims, if any, against the City of Jackson Defendants, that may be alleged to have possibly arisen from judicial and/or administrative inaction of the City, are prohibited by statute, where said allegations claim that City employees were acting within the scope of their employment for the City of Jackson.

### Thirty-Fourth Defense

Plaintiffs' claims against the City are prohibited by statute because they alleged to have arisen from alleged failures of the City of Jackson and its employees to execute or perform a statute, ordinance, or regulation.

### Thirty-Fifth Defense

Plaintiffs' claims against the City of Jackson Defendants are prohibited because the City is immune from allegations based on the City's exercise or performance or the failure to exercise of perform a discretionary function or duty.

### Thirty-Sixth Defense

The Complaint is barred because Plaintiffs fail to properly plead: capacity, fraud, mistake, conspiracy, condition of mind, official documents or act, judgment, and/or special damages as required by Rule 9 of the Federal Rules of Civil Procedure.

### Thirty-Seventh Defense

The alleged acts or omissions alleged by Plaintiffs against the City of Jackson Defendants as may be set forth in the Complaint herein, do not rise to the level of a constitutional violation.

**Thirty-Eighth Defense**

The City of Jackson Defendants cannot be held liable to Plaintiffs under the doctrine of *respondeat superior* pursuant to 42 U.S.C.A. §1983 for any alleged acts or omissions of employees of the City. As a result, Plaintiffs' claims for negligence, gross negligence, and/or *respondeat superior* liability against the City of Jackson Defendants are barred by the MTCA, supra and **Monell v, New York City Dep't of Soc. Servs.**, 463 U.S. 658 (1978).[2]

**Thirty-Ninth Defense**

Plaintiffs are not entitled to recover punitive damages pursuant to 42 U.S.C.A. § 1983 or official capacity theory against the City of Jackson Defendants, as recovery of such damages against the City, a political subdivision and/or municipality, is prohibited.

**Fortieth Defense**

The City of Jackson Defendants invoke and assert all privileges and immunities afforded to them under both the federal and state constitutions and statutory and common law. Specifically, Plaintiff's attempts to bring a suit for "common law claims of negligence and intentional torts"are barred by the Mississippi Tort Claims Act found at §11-46-7 Miss. Code 1972 as amended.

**Forty-First Defense**

The City of Jackson Defendants affirmatively asserts that the language of Miss. Code Ann. § 11-46-9, clearly states that law enforcement officers acting within the course and scope of their employment, while engaged in the performance of duties related to police protection, without reckless disregard for the safety and well being of others **not engaged in criminal conduct**, are

---

[2]*Monell* clearly rejects governmental liability based in the doctrine of *respondeat superior*, and a governmental body such as the City cannot be held liable under §1983 merely because the City employs a tortfeasor.

entitled to immunity.[3] Therefore, Plaintiffs' claims against the City of Jackson Defendants asserted in the Complaint are barred.

**Forty-Second Defense**

The City of Jackson Defendants affirmatively plead that Plaintiffs' claims under the Fourth Amendment, are barred, as the totality of the circumstances and/or events as set forth in the Complaint, do not show that any particular use of force, by the City, was clearly unreasonable or clearly excessive. As a result, any of Plaintiffs' claims against the City made pursuant to the Fourth Amendment must be dismissed. *See* **Ramirez v. Knoulton**, 542 F. 3d 124, 128 (5th Cir. 2008).

**Forty-Third Defense**

Plaintiffs' claims, if any, contained in the Complaint, have been abandoned and are barred as Plaintiffs fail to establish a § 1983 cause of action based upon conspiracy, and does not allege any facts that, liberally construed, establish (1) defendants' participation in a conspiracy involving state action, and (2) a deprivation of his civil rights in furtherance of the conspiracy by a party to the conspiracy.

**Forty-Fourth Defense**

The City of Jackson Defendants affirmatively asserts that the language of Miss. Code Ann. §11-46-5(2), clearly states that " . . .an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any such conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Therefore, Plaintiffs' claims against the City of Jackson Defendants asserted in the Complaint are barred.

---

[3]Mississippi law also holds that reckless disregard is a higher standard than that of gross negligence. *See* **Turner v. City of Ruleville**, 735 So. 2d 226, 230 (Miss. 1999).

### Forty-Fifth Defense

Plaintiff's state law (Torts Claim Act) claims are barred due to his failure to timely serve a proper Notice of Claim within one year of the alleged incident pursuant to §11-46-11 Miss. Code 1972 as amended.

And now, without waiver of any other defense herein, the City of Jackson Defendants respond to the allegations of the Complaint, paragraph by paragraph, as follows:

The first unnumbered paragraph commencing with the phrase, "COME NOW . . ." appears introductory in nature however, to the extent that the first unnumbered introductory paragraph purports to place liability on the City of Jackson Defendants, then the City of Jackson Defendants deny said allegations.

1. Without waiving any of their defenses herein, the City of Jackson Defendants, without admission of any liability whatsoever, admit, upon information and belief, admit the allegations contained in Paragraph 1 of the Complaint

2. The City of Jackson Defendants admit, upon information and belief, that Plaintiffs' action seems to seek money damages and based upon constitutional claims and under federal statutes as stated in Paragraph 2 of the Complaint but deny the remaining allegations contained in Paragraph 2 of the Complaint specifically those as to "common law claims of negligence and intentional torts, which are barred by Mississippi Tort Claims Act [MTCA].

3. The City of Jackson Defendants admit only that venue is proper, but deny the remainder of allegation of Paragraph 3 of the Complaint.

4. The City of Jackson Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. The City of Jackson Defendants, without admission of any liability whatsoever, admit

the allegations contained in Paragraph 5 of the Complaint.

6. The City of Jackson Defendants, without admission of any liability whatsoever, admit the allegations contained in Paragraph 6 of the Complaint.

7. The City of Jackson Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. The City of Jackson Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. The City of Jackson Defendants admit only that on or about October 27th the City of Jackson investigated a shooting at or near the location specified, but deny the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. The City of Jackson Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. The City of Jackson Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. The City of Jackson Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. The City of Jackson Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint however, they specifically deny that they are liable to Plaintiff whatsoever.

14. The City of Jackson Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint therefore they deny same, and they specifically deny that they are liable to Plaintiff whatsoever.

15. The City of Jackson Defendants are without sufficient information to admit or deny

the allegations contained in Paragraph 15 of the Complaint, therefore they deny same, and they specifically deny that they are liable to Plaintiffs whatsoever..

16. The City of Jackson Defendants deny the allegations contained in Paragraph 16 of the Complaint and demand strict proof thereof.

17. The City of Jackson Defendants admit only that Plaintiff was transported to UMMC and that he was subsequently charged with Aggravated Assault. The remaining allegations are denied.

18. The City of Jackson Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint therefore deny same, and they specifically deny that they are liable to Plaintiffs whatsoever.

19. The City of Jackson Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. The City of Jackson Defendants are unable to admit or deny allegations contained in Paragraph 20 of the Complaint as it does not specify *which* defendants Plaintiff is alleging were on duty with the Police Department.

21. The City of Jackson Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. The City of Jackson Defendants reaffirm and reassert all responses and defenses set forth in paragraphs 1-21 above.

23. The City of Jackson Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. The City of Jackson Defendants deny the allegations contained in Paragraph 24 of the Complaint as phrased.

25. The City of Jackson Defendants reaffirm and reassert all responses and defenses set forth in paragraphs 1-25 above.

26. The City of Jackson Defendants deny the allegations contained in Paragraph 26 of the Complaint as worded.

27. The City of Jackson Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. The City of Jackson Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. The City of Jackson Defendants deny the allegations contained in Paragraph 29 of the Complaint as phrased and would affirmatively show that the one year statute of limitations for filing any negligence claim under state law [MTCA] has long expired and further the Mississippi Supreme Court has long and consistently held that the hiring, training, supervision and discipline of its police officers is a discretionary function for which it is immune.[4]

30. The City of Jackson Defendants reaffirm and reassert all responses and defenses set forth in paragraphs 1-29 above.

31. The City of Jackson Defendants are without sufficient information to admit or deny the status of any of the officers at the time of thise alleged incident as alleged in Paragraph 31 of the Complaint and therefore denies same as phrased.

32. The City of Jackson Defendants deny the allegations contained in Paragraph 32 of the Complaint as worded.

33. The City of Jackson Defendants reaffirm and reassert all responses and defenses set

---

[4] **City of Jackson v. Powell**, 917 So. 2d 59, 73 (Miss. 2005); **City of Laurel, Mississippi v. Clyde Williams, *et al.***, 2009 WL 3857559 (Miss. Nov. 19, 2009); and **City of Jackson v Sandifer**, 107 So.3d 978, 987 (2013).

forth in paragraphs 1-32 above.

34. The City of Jackson Defendants deny the allegations contained in Paragraph 34 of the Complaint and specifically deny that they are liable whatsoever to Plaintiffs.

35. The City of Jackson Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. The City of Jackson Defendants reaffirm and reassert all responses and defenses set forth in paragraphs 1-35 above.

37. The City of Jackson Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. The City of Jackson Defendants deny the allegations contained in Paragraph 38 of the Complaint and would further show that the one year statute of limitations for filing any negligence claim under state law [MTCA] has long expired The City Defendants would show further that the City nor the officers, if within the course and scope of their employment, cannot be liable for simple negligence, rather, pursuant to §11-46-9 (1)(c) Miss. Code 1972 as amended, a police officer can only be liable if he acted with "reckless disregard" which Plaintiff has failed to plead.

39. The City of Jackson Defendants reaffirm and reassert all responses and defenses set forth in paragraphs 1-38 above.

40. The City of Jackson Defendants deny the allegations contained in Paragraph 40 of the Complaint as phrased.

41. The City of Jackson Defendants deny the allegations contained in Paragraph 41 of the Complaint, and would further show that pursuant to the provisions of §§11-46-7 and 11-46-5 of the Mississippi Code of 1972 as amended, the City can not be liable for either intentional torts constituting malice nor for criminal acts committed by its employees.

42. The City of Jackson Defendants reaffirm and reassert all responses and defenses set forth in paragraphs 1-41 above.

43. The City of Jackson Defendants deny the allegations contained in Paragraph 43 of the Complaint

44. The City of Jackson Defendants deny the allegations contained in Paragraph 44 of the Complaint and would further show that the one year statute of limitations for making a claim for negligence under state law [MTCA] has long expired as to this incident.

The City of Jackson Defendants deny the allegations contained in the last unnumbered paragraph of the Amended Complaint commencing with the words, "WHEREFORE, THE ABOVE BEING CONSIDERED . . ." and further deny that Plaintiff is entitled to any relief whatsoever.

**AND NOW**, having fully answered Plaintiffs' Complaint, the City of Jackson Defendants request that they be dismissed and that they be awarded their attorneys fees, costs and all other appropriate relief.

**THIS** the 17th day of August, 2020.

  Respectfully submitted,

  THE CITY OF JACKSON, MISSISSIPPI, CHIEF JAMES E. DAVIS in his official and individual capacities; OFFICER KENNETH SHORT, AND OFFICER COBY SMITH in their official capacities

  "CITY OF JACKSON DEFENDANTS"

  By: /s/ *J. Richard Davis*
    J. Richard Davis, MS Bar # 5994
    Deputy City Attorney

**OF COUNSEL:**

OFFICE OF THE CITY ATTORNEY
Post Office Box 2799
Jackson, MS 39207-2799
601.960.1799 (telephone)
601.960.1756 (facsimile)

## CERTIFICATE OF SERVICE

I, LaShundra Jackson-Winters, one of the attorneys for the City of Jackson Defendants, do hereby certify that I have this day delivered a correct and true copy of the foregoing document via ECF to the following:

Carlos Moore, Esq.
Carlos@tuckermoorelaw.com

So Certified, this the 17th day of August, 2020.

By: /s/ *J. Richard Davis*
J. Richard Davis